UNITED STATES DISTRICT COURT
WESTERN DISTRICT, MICHIGAN

DIANE L. LARA and
DEAN M. LARA,

    Plaintiffs,

v.

JOSEPH M. RUPARD, M.D.
RUPARD FAMILY MEDICINE,
INC., a Corporation For Profit-
Domestic, and BYRON J.
BLOOM, MS,PA-C

    Defendants.

Case No. 2013-

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COME the Plaintiffs, DIANE L. LARA and DEAN M. LARA, by and through their attorneys, McKEEN & ASSOCIATES, P.C., by EUEL W. KINSEY, and for their cause of action against JOSEPH M. RUPARD, M.D., RUPARD FAMILY MEDICINE, INC. and BYRON J. BLOOM, MS, PA-C, allege the following cause of action.

### JURISDICTION AND VENUE

1. That this action arises under 28 U.S.C. 1332, the jurisdictional statute which provides for diversity when the parties reside in different states.

2. At the time this action arose, Plaintiffs, DIANE L. LARA and DEAN M. LARA, were residents Bedford County, Shelbyville, Tennessee.

3. At the time of filing this Complaint, Plaintiffs, DIANE L. LARA AND DEAN M. LARA, were residents of Clinton County, Bath, Michigan.

4. At the time of filing of this Complaint, Defendants were residents of Bedford County, Shelbyville, Tennessee between December 9, 2009 and December 17, 2009.

5. The amount in controversy exceeds the jurisdictional limit of this Court.

6. That pursuant to T.C.A.§29-26-121, notice was provided to Defendants, JOSEPH M. Rupard, M.D., 833 Union Street, Shelbyville, TN 37160; Rupard Family Medicine, Resident Agent: Joseph Rupard, 833 Union Street, Shelbyville, TN 37160, and Byron J. Bloom, MS, Rupard Family Medicine, Inc., 833 Union Street, Shelbyville, TN 37160 on February 12, 2013, by certified mail/return receipt requested, and Certificates of Mailing obtained more than sixty days before suit was filed by mailing the notices on Joseph M. Rupard, M.D., 833 Union Street, Shelbyville, TN 37160, signed for by Ann Marie Green at 883 Union Street, Shelbyville, TN 37160, on or about February 12, 2013; Rupard Family Medicine, Resident Agent: Joseph Rupard, 833 Union Street, Shelbyville, TN 37160, signed for by Ann Marie Green at 883 Union Street, Shelbyville, TN 37160, on or about February 14, 2013; and Byron J. Bloom, M.S, Rupard Family Medicine, Inc., 833 Union Street, Shelbyville, TN 37160, signed for by Ann Marie Green at 883 Union Street, Shelbyville, TN 37160, on February 15, 2013, an individual responsible for receiving deliveries for Joseph M. Rupard, M.D. at defendant doctor's office; and Resident Agent, Joseph Rupard, M.D., an individual responsible for receiving deliveries at the defendant clinic, and Byron J. Bloom, MS, an individual responsible for receiving deliveries at the defendant clinic. The Affidavit of Shea Brouster, attached as Exhibit A to Plaintiff's Complaint filed in United States

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

District Court, Western District, Michigan, as required by T.C.A.§29-26-121, confirms that notice was mailed in conformity with the statute on February 12, 2013.

7. The Complaint is accompanied by a Certificate of Good Faith pursuant to T.C.A. §29-26-122.

8. Plaintiff relies on the savings provision that notice, as required by TCA§29-26-121(a), was given in compliance with the statute, and therefore the Statute of Limitations is extended.

9. On April 15, 2011, a medical malpractice action was filed in Bedford County Circuit Court, Shelbyville, Tennessee against the defendants.

10. That the Plaintiff did not discover nor reasonably could she have discovered this medical malpractice action any earlier than December 18, 2009.

11. In accordance with the applicable statutes this action is filed more than 60 days after the notice, but less than 120 days after the applicable Statute of Limitations would have run based upon the earliest date of potential discovery.

12. On May 13, 2012, Plaintiff filed a Notice for Voluntary Non-suit Without Prejudice in the Bedford County Circuit Court in accordance with Tenn. Rules of Civil Procedure 41.01. (Exhibit 1)

13. On May 21, 2012, an Order Granting Plaintiff's Voluntary Non-suit Without Prejudice was signed by the Circuit Court Judge. (Exhibit 2). That TRCP 41.01 provides that a party may nonsuit a case and re-file it one year from the date of the dismissal order.

## COUNT I

## FACTUAL ALLEGATIONS

14. Plaintiffs repeat the allegations of the Jurisdiction and Venue, paragraphs 1 through 13 of this Complaint as more fully set forth herein, paragraph by paragraph and word for word.

15. Defendant, JOSEPH M. RUPARD, M.D., [hereinafter referred to as "DR. RUPARD"] is a medical doctor, and at the time of the incident was practicing in Bedford County, Shelbyville, Tennessee in family practice, with a last known professional address of 883 Union Street, Shelbyville, TN 37160.

16. Defendant, RUPARD FAMILY MEDICINE, INC., [hereinafter referred to as "DEFENDANT CLINIC"], a Corporation For Profit-Domestic, providing professional and other medical services and is located in Bedford County, Shelbyville, Tennessee, and whose agent is: Joseph M. Rupard.

17. Defendant, BRYON J. BLOOM, MS,PA-C, [hereinafter referred to as "PA-C BLOOM"], is upon information and belief, the PA-C referred to in the Notice letter as "Jamie" and is a physician's assistant, and at the time of the incident was practicing as a Physician's Assistant in Bedford County, Shelbyville, Tennessee with a last known professional address of Rupard Family Medicine, Inc., 883 Union Street, Shelbyville, TN 37160.

18. This cause of action arises when the Defendants departed from the applicable standards of care while treating Plaintiff, DIANE L. LARA, for several years and culminating with visits on December 9, 2009 and December 17, 2009 in Bedford

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

- 4 -

County, Shelbyville, Tennessee, and is brought pursuant to TCA 29-26-115 et seq. Plaintiff also sues for common negligence, medical and professional malpractice.

19. That at all times JOSEPH M. RUPARD, M.D. and BRYON J. BLOOM, MS,PA-C and other PA-C's and physicians caring for Plaintiff, DIANE L. LARA, were ostensible agents, actual agents, and/or employees of Defendant, RUPARD FAMILY MEDICINE, INC., and/or JOSEPH M. RUPARD, M.D. thereby imposing direct and/or vicarious liability on said corporation.

20. That Plaintiff, DIANE L. LARA, looked to and relied upon Defendant, RUPARD FAMILY MEDICINE, INC. to select competent staff to care for her.

21. Plaintiff, DIANE L. LARA, was a patient of Defendant, DR. RUPARD and the PA-C's working under his supervision at Defendant, RUPART FAMILY MEDICINE, INC. beginning in November 2002.

22. That Plaintiff, DIANE L. LARA, was 4'11" and typically weighed slightly over 200 lbs.

23. That from 2004 onward, Plaintiff DIANE L. LARA had occasional signs of hypertension as documented by the vital signs contained in her chart.

24. That during 2006 and thereafter, Plaintiff, DIANE L. LARA appeared to consistently be hypertensive.

25. That Plaintiff, DIANE L. LARA had been placed on insulin for a few months prior to these events.

26. On October 6, 2009, Plaintiff, DIANE L. LARA presented to Defendant CLINIC with complaints of headache, cough, fever and body aches. An EKG was performed which was normal.

McKeen & Associates, P.C. ● 645 Griswold Street, Suite 4200 ● Detroit, MI 48226 ● (313) 961-4400

27. In 2009, Plaintiff was placed on injectable insulin to control her Diabetes Mellitus, Type II.

28. On December 9, 2009, Plaintiff, DIANE L. LARA presented to Defendant, CLINIC complaining that she believed she had a mini stroke. Her complaints included aches in her legs and arms, talking out of the side of her mouth, and numbness only on the left side of her face.

29. That on the foregoing date the assessment by Defendant, PA-C BLOOM was Bell's Palsy versus CVA, and she was told that it was probably related to stress and prescribed Xanax.

30. That on the foregoing date, a CT scan was not ordered or performed, nor does it appear that Dr. Rupard was consulted. Plaintiff's Hbg A1C was 11.4. The PA-C instructed Plaintiff to follow-up in 3 weeks.

31. On December 17, 2009, Plaintiff, DIANE L. LARA returned to Defendant CLINIC with complaints of dizziness, forgetfulness x2-3 weeks. She was seen by a PA-C. Her blood pressure was 126/70. She was given aspirin and sent for a head CT during the afternoon. She was instructed to return to the clinic in one week.

32. On the foregoing date, Plaintiff, DIANE L. LARA went to Heritage Hospital for a CT scan, which was performed at approximately 3:00 p.m. and she was sent home.

33. On the foregoing date, the radiologist reported that the images suggested an old or sub-acute right basal ganglia internal capsule infarct. The radiologist questioned whether this might be MS however, and recommended a brain MRI.

34. Nobody from Dr. Rupard's office contacted her about the abnormal results on December 17, 2009 or December 18, 2009.

35. Defendant, RUPART FAMILY MEDICINE conducted their office Christmas Party on the afternoon/evening of December 17, 2009.

36. On December 18, 2009, Plaintiff, DIANE L. LARA began to feel that her left arm and leg were becoming progressively weak and this progressed over the course of the day. Defendant, RUPART FAMILY MEDICINE was closed that day. Plaintiff, DIANE L. LARA had several falls and was taken to Heritage Hospital by her family at about 8 p.m. that evening.

37. On presentation to the ER on December 18, 2009, the clinical impression at Heritage Hospital was CVA. Her blood sugar was 395. She was admitted to ICU at approximately 10:50 p.m. by Defendant, DR. RUPARD, who was consulted by the ER physician.

38. That on the foregoing date, Plaintiff, DIANE L. LARA's blood pressure at triage was 160/98. Subsequently, the blood pressures dropped with a diastolic ranging between 44 and 103. The systolic pressure varied between 78 and 141.

39. In the ICU, Ms. Lara's diastolic blood pressures continued to run low between 63 and 75. The systolic ranged between 117 and 131. The neuro checks document that the left arm went from weak to absent sometime between 4 a.m. and 8 a.m. on the 19th in the ICU. Plaintiff was given Ativan 1mg IV x 1 at 1815 on the 18th, and again at 11:20 on the 19th. Her blood pressure medication was given to her at 9:00 a.m. on December 19.

40. In the early morning hours of December 19, 2009, Ms. Lara fell out of bed while getting off a bed pan. Another CT of the brain was therefore performed at 5:00 a.m. The radiologist reported no change from the scan on December 17, 2009.

41. On December 19, 2009, Plaintiff was transferred to St. Thomas Hospital at Plaintiff's request for progressive left-sided weakness with CT scans significant for stroke versus multiple sclerosis, and progressive neurologic deficit. There was an occluded right proximal middle cerebral artery and supraclinoid right internal carotid artery stenosis 50-70%. Additional significant diagnoses included hypertension, diabetes and obesity.

42. On December 21, 2009, an MRI revealed a large acute infarction involving the right middle cerebral artery territory with some early cytoxic edema and mass effect, without midline shift. There was some patchy enhancement involving the right periventricular white matter secondary to an early blood-brain barrier breakdown. There was also some mile focal narrowing of the origin of the right anterior cerebral artery and occlusion of the right proximal middle cerebral artery near its origin. There was no evidence of DVT's. Cholesterol was 186 and triglycerides were 71. Hemoglobin A1C ranged between 12.0 and 12.1. She was discharged on aspirin Lisinopril and Plavix. She was also taking Lovenox, 40 mg. subcutaneously every 24 hours. She was placed on regular insulin sliding scale, as well as Lisonoprel.

43. On December 24, 2009, Plaintiff was discharged from St. Thomas with a diagnosis of subcortical right middle cerebral artery infarct, possibly embolic in nature and transferred to Baptist Rehab.

44. On March 2, 2010, a progress note written by Dr. Timothy Upchurch indicated that she was inpatient rehab for a month and now discharged to home with Home Health. She was receiving PT 3 times a week but OT had deferred secondary to shoulder pain. A left x-ray was performed of the left shoulder. Neuro exam showed Plaintiff, DIANE L. LARA was alert and oriented x3. Speech was fluent. Cranial nerves were intact except mild left facial numbness. She had pronator drift on the left. Tone was normal. Motor exam showed that the left extremity was 0 out of 5 with finger intrinsic. She had sensory decreased in the left extremity, lower extremity and face. Reflexes were 1+ on the right and 2+ on the left.

## COUNT II

## CLAIM OF DIANE L. LARA

45. Plaintiffs repeat the allegations of the Jurisdiction and Venue, paragraphs 1 through 13 of this Complaint, and Count I, Factual Allegations, paragraphs 14 through 44 as more fully set forth herein, paragraph by paragraph and word for word.

46. That Defendant, RUPARD FAMILY MEDICINE, INC. (by direct or on the basis of direct and/or vicarious liability) and, including but not limited to Defendants, JOSEPH M. RUPARD, M.D., BRYON J. BLOOM, MS,PA-C, and other care providers by and through their duly authorized agents, actual or ostensible and/or employees, were negligent and/or deviated from recognized standards of acceptable practice for a family practitioner/physician's assistant in the same or similar community as follows:

   a. Failure by the office staff to properly monitor and treat Plaintiff, DIANE L. LARA's hypertension and diabetes;

   b. Failure to prescribe a statin;

c. Given the complaints documented by Defendant, BYRON J. BLOOM, MS,PA-C, it was a violation of the standard of care to fail to consult with Defendant, DR. RUPARD and to order a head imaging study on December 19, 2009 and/or send Plaintiff, DIANE L. LARA to the ER for evaluation and to rule-out stroke;

d. Failure to properly document an appropriate physical exam in the office records;

e. Failure of Defendants, BYRON J. BLOOM, MS,PA-C and DR. RUPARD to contact the hospital to determine the results of the CT scan performed on December 17, 2009 at approximately 3:00 p.m. which required admission to the hospital for further monitoring and evaluation, and prompt consultation with a neurologist.

f. Failure of Defendants, BYRON J. BLOOM, MS,PA-C and DR. RUPARD to order an MRI as suggested by the radiologist;

g. Failure to appropriately manage her diabetes and hypertension while she was under their care.

h. Failure to admit Plaintiff, DIANE L. LARA on December 17, 2009, and order a carotid US and/or a CT angiogram and an echocardiogram once the diagnosis of a TIA or CVA was seriously entertained.

i. Failure to diagnosis a stroke on December 9th and December 17, 2009, and to document a proper neuro examination which should have been done and recorded in the patient's chart.

j. Failure of Defendants, BYRON J. BLOOM, MS,PA-C and DR. RUPARD to not add additional blood pressure medications unless a reason independent from her CVA required it, once the CT findings were available.

k. By entertaining Bell's palsy as a differential diagnosis given the symptoms, complaints and physical findings which were not consistent.

l. Failure of DR. RUPARD to appropriately supervise PA-C's as required by the law and the standard of care and/or to establish protocols and/or criteria whereby the PA-C's should consult with him before discharging a patient.

m. Plaintiffs reserve the right to add further claims as discovery develops.

47. That as a direct and proximate result of the professional negligence of Defendants, JOSEPH M. RUPARD, M.D, RUPARD FAMILY MEDICINE, INC., by and through its agents/employees, and BRYON J. BLOOM, MS,PA-C, outlined above Plaintiff, DIANE L. LARA sustained a major stroke/CVA which would not otherwise have occurred.

48. That had the Defendants complied with the standard of care as set forth above, that within a reasonable degree of medical certainly, Plaintiff, DIANE L. LARA would not have suffered the major stroke which took place on or about December 18, 2009.

49. As a direct and proximate result of one or more of the violations of the standard of care outlined above, Plaintiff, DIANE L. LARA, has sustained permanent brain damage, which has left her essentially paralyzed on the left side. She now requires 24 hour attendant care, and is no longer able to do many things she previously had been able to enjoy, including, but not limited to: caring for her two special needs child and caring for her home. She has sustained a loss of vision on the left side in both eyes, cannot walk without assistance and requires continuous therapy.

50. Further as a consequence of the Defendant's negligence, Plaintiff, DIANE L. LARA has sustained conscious pain and suffering, humiliation, embarrassment, disfigurement, mortification and loss of consortium, loss of services, and other economic and non-economic damages not yet fully known.

## COUNT III

### CLAIM OF DEAN M. LARA

51. Plaintiffs repeat the allegations of the Jurisdiction and Venue, paragraphs 1 through 13 of this Complaint, Count I, Factual Allegations, paragraphs 14 through 44, and Count II, paragraphs 45 through 50, as more fully set forth herein, paragraph by paragraph and word for word.

52. Plaintiff, DEAN M. LARA has sustained humiliation, embarrassment, mortification and loss of consortium, loss of services, and other economic and non-economic damages not yet fully known.

53. Plaintiffs reserve the right to add further claims as discovery develops.

**WHEREFORE**, Plaintiffs demand judgment in the amount of Five Million ($5,000,000.00) Dollars from Defendants, JOSEPH M. RUPARD, M.D, RUPARD FAMILY MEDICINE, INC., and BRYON J. BLOOM, MS,PA-C, jointly and severally.

PLAINTIFFS DEMAND A TRIAL BY JURY.


McKEEN & ASSOCIATES, P.C.

By: /s/Euel W. Kinsey
    EUEL W. KINSEY (P36690) & (#018321)
    645 Griswold Street, 42nd Floor
    Detroit, MI 48226
    (313) 961-4400

ATTORNEYS FOR PLAINTIFFS

Dated: May 17, 2013

# EXHIBIT 1

IN THE SEVENTEENTH CIRCUIT COURT FOR BEDFORD COUNTY,
AT SHELBYVILLE, TENNESSEE

DIANE L. LARA and )
MICHAEL D. LARA, )
 )
    Plaintiffs, ) Case No. 12272
 ) JURY DEMAND
v. )
 )
JOSEPH H. RUPARD, M.D. )
RUPARD FAMILY MEDICINE, )
INC., a Corporation For Profit- )
Domestic and BYRON J. BLOOM,)
MS, PA-C, )
 )
    Defendants. )

## NOTICE FOR VOLUNTARY NON-SUIT WITHOUT PREJUDICE

Come now your Plaintiffs, DIANE L. LARA and MICHAEL D. LARA, and pursuant to Rule 41.01 Tenn. R. Civ.P, hereby gives notice of Plaintiffs' voluntary nonsuit and dismissal of the above-referenced cause of action, without prejudice, with costs assessed to Plaintiff.

Respectfully submitted,

McKEEN & ASSOCIATES, P.C.

Filed this ___ day of May ___
THOMAS A. SMITH, CLERK
CIRCUIT & GENERAL SESSIONS
BEDFORD COUNTY, TENNESSEE

By: _____
DEPUTY CLERK

By: _____
EUEL W. KINSEY (REG: 018321)
Attorney for Plaintiffs
645 Griswold Street, 42nd Floor
Detroit, MI 48226
(313) 961-4400

Dated: May 16, 2012

## CERTIFICATE OF SERVICE

The undersigned, certifies that on this 16th day of May, 2012, a copy of Plaintiff's Notice of Voluntary Non-suit was served by first class mail/email upon the following individual:

> Jennifer M. Eberle, Esq.
> 611 Commerce Street
> The Tower, Suite 3000
> Nashville, TN 37203
> JEberle@hbss.net

*/s/ Euel W. Kinsey*
Euel W. Kinsey

McKeen & Associates, P.C. • 645 Griswold Street, Suite 4200 • Detroit, MI 48226 • (313) 961-4400

- 2 -

# EXHIBIT 2

IN THE SEVENTEENTH CIRCUIT COURT FOR BEDFORD COUNTY,
AT SHELBYVILLE, TENNESSEE

DIANE L. LARA and
MICHAEL D. LARA,

    Plaintiffs,

v.

JOSEPH H. RUPARD, M.D.
RUPARD FAMILY MEDICINE,
INC., a Corporation For Profit-
Domestic and BYRON J. BLOOM,
MS,PA-C,

    Defendants.

Case No. 12272
JURY DEMAND

## ORDER GRANTING PLAINTIFF'S VOLUNTARY NON-SUIT WITHOUT PREJUDICE

Having considered Plaintiff's Voluntary Non-suit and dismissal as to all parties, in accordance with Tenn. Rules of Civil Procedure 41.01, without prejudice, with costs assessed to Plaintiff and their sureties, for which execution may issue

IT IS SO ORDERED.

_____
Circuit Court Judge

Dated: 5/21/12

Respectfully submitted:

_____
Euel W. Kinsey (#018321)
Attorney for Plaintiffs

RECEIVED
DATE 5/21/12
FILED & ENTERED IN MINUTE BOOK 151 pg 898-899

_____
DEPUTY CLERK

## CERTIFICATE OF SERVICE

The undersigned, certifies that on this 16th day of May, 2012, a copy of Plaintiff's Order Granting Notice of Voluntary Non-suit was served by first class mail/email upon the following individual:

>Jennifer M. Eberle, Esq.
>611 Commerce Street
>The Tower, Suite 3000
>Nashville, TN 37203
>JEberle@hbss.net

*Euel W. Kinsey*
Euel W. Kinsey

McKeen & Associates, P.C. • 645 Griswold Street, Suite 4200 • Detroit, MI 48226 • (313) 961-4400

- 2 -