UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE L. LARA and DEAN M. LARA,

    Plaintiffs,

v.

File No. 1:13-CV-554

HON. ROBERT HOLMES BELL

JOSEPH M. RUPARD, M.D., RUPARD
FAMILY MEDICINE, INC., a Corporation
for Profit - Domestic, and BYRON J.
BLOOM, MS PA-C,

    Defendants.
    _____/

## O P I N I O N

This medical malpractice action is currently before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. (Dkt. No. 4, Mot.) For the reasons that follow, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied, and Defendants' motion to dismiss for lack of personal jurisdiction will be granted.

**I.**

This case arises out of medical care and treatment provided by Defendants to Plaintiff Diane Lara in Tennessee, while Plaintiffs were residents of Tennessee. Plaintiffs originally filed a medical malpractice action against Defendants in Bedford County Circuit Court, Shelbyville, Tennessee, but voluntarily dismissed the action. Plaintiffs moved and became

residents of Michigan before filing the current action in this court pursuant to the Court's diversity jurisdiction.

Defendants contend that the Court lacks subject matter jurisdiction because Plaintiffs' complaint does not raise a federal question and this is not an action between citizens of different states.

It is hornbook law that "'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas GlobalGrp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). It is undisputed that at the time this action arose, and at the time Plaintiffs filed their original state court complaint, Plaintiffs and Defendants were all residents of Tennessee. (Compl. ¶¶ 2-4.) However, it is also undisputed that at the time Plaintiffs filed this federal action, Plaintiffs were residents of Michigan. Defendants contend that because there was no diversity of citizenship when Plaintiffs originally filed their medical malpractice action in state court, this Court lacks diversity jurisdiction. The issue raised by Defendants' motion is how to apply the time-of-filing rule when an action is originally filed in state court, dismissed without prejudice, and refiled in federal court.

Defendants suggest that this action is simply a continuation of the state court action, such that citizenship should be determined as of the date the state court action was filed, rather than the date this federal action was filed. Defendants have provided no authority for treating this action as a mere continuation of the dismissed state court action, and the Court

2

is aware of none. None of the cases cited by Defendants involve a prior dismissed state court action. The cases simply stand for the well-established rule that "diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (holding that addition of a non-diverse party after the case was filed in federal court did not destroy diversity); *SMR Techs., Inc. v. Aircraft Parts Int'l Combs, Inc.*, No. 00-2563, 2004 WL 595010 (W.D. Tenn. Mar. 23, 2004) (holding that where complete diversity did not exist when the case was filed in federal court, later changes did not provide the court with subject matter jurisdiction).

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. This action was not removed from state court. Plaintiffs' voluntarily dismissed their state court action without prejudice prior to filing this federal action. Contrary to Defendants' assertions, this action is not a mere continuation of Plaintiffs' state court action. This action was commenced with the filing of Plaintiffs' complaint in federal court on May 20, 2013, after Plaintiffs had become residents of the state of Michigan. Accordingly, the Court finds that there is diversity of citizenship. Defendants' motion to dismiss for lack of subject matter jurisdiction will accordingly be denied.

## II.

Defendants have also moved for dismissal pursuant to Rule 12(b)(2) on the basis that this Court lacks personal jurisdiction over them.

A district court's exercise of personal jurisdiction in a diversity of citizenship case

must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).

Plaintiffs concede that this Court does not have personal jurisdiction over Defendants. Plaintiffs nevertheless oppose Defendants' motion because they contend that rather than dismissing this action, the Court should transfer this action to the appropriate federal district court in Tennessee pursuant to 28 U.S.C. § 1406(a).

Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). The language of § 1406(a) is broad enough to authorize the transfer of cases, even if the court does not have personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962). As noted in *Goldlawr*:

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities."

369 U.S. at 467. Although *Goldlawr* authorizes a district court to transfer a misfiled case even when the court lacks personal jurisdiction over the defendants, *Goldlawr* does not require the court to transfer such a case. *Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009). Whether to transfer or dismiss a misfiled case is a matter left to the broad discretion

of the district court. *Id*. at 456-57. In exercising that discretion, the Court must consider whether the interests of justice would be served by a transfer. *Id.*

In *Stanifer* the Sixth Circuit affirmed the order dismissing the plaintiff's complaint for lack of personal jurisdiction rather than transferring the case where there was no arguable basis for thinking that the action was properly brought in the district in which it was originally filed. *Id.* at 460. The Sixth Circuit noted that "[i]n speaking of a mistake resulting from 'the uncertainties of proper venue,' the *Goldlawr* court cannot have intended that dismissal of a complaint filed, deliberately or carelessly, in the wrong district should be excused as a 'justice-defeating technicality.'" *Id*. at 458-59.

Like the plaintiff in *Stanifer*, Plaintiffs in the instant case have articulated no arguable basis for thinking that this action could properly be brought in federal court in Michigan. They have asserted no facts to suggest any basis for believing that venue was proper in this Court or that this Court might be able to exercise personal jurisdiction over Defendants. Under these circumstances, the interests of justice are better served by dismissal rather than by transfer of this case. *See* 3 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3827 at 605 (3d ed.1998) ("[D]istrict courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and [the court decides] that similar conduct should be discouraged."); *Spar, Inc. v. Info. Res., Inc*., 956 F.2d 392, 394 (2nd Cir. 1992) ("[A] transfer in this case would reward plaintiffs for their lack of

5

diligence in choosing a proper forum and thus would not be in the interest of justice."); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (affirming dismissal of suit for lack of personal jurisdiction, and noting that "litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction"). Defendants' motion to dismiss for lack of personal jurisdiction will be granted, and this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

 An order consistent with this opinion will be entered.


Dated: July 16, 2013           /s/ Robert Holmes Bell
                   ROBERT HOLMES BELL
                   UNITED STATES DISTRICT JUDGE